FILED
 2023 Jun-28  PM 04:03
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LARRY ARNOLD,** | ) |
| **Plaintiff,** | ) |
| v. | )      2:22-cv-00254-LSC |
| **ELMINGTON PROPERTY MANAGEMENT, LLC.** | ) |
| **Defendant.** | ) |

### MEMORANDUM OF OPINION

Plaintiff Larry Arnold commenced this action against Defendant Elmington Property Management, LLC asserting a claim of discrimination under the Fair Housing Amendments Act ("FHHA").[1] Before the Court is Defendant's Motion for Summary Judgment (Doc. 24). For the reasons stated below, this motion is due to be **DENIED**.

### I.   BACKGROUND[2]

---

[1] Plaintiff also originally asserted a claim of Disparate Impact under the FHA, but voluntarily waived that claim in his Brief. (Doc. 27, p. 18).

[2] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061

Plaintiff is a 72-year-old disabled veteran with chronic obstructive pulmonary disease (COPD), neuropathy, and heart disease. Since 2006, he has received Section 8 housing assistance because his disabilities prevent him from working. Beginning in March 2017, he used that housing assistance to live at Valley Crest Apartments.

Defendant is a property management company that operates nearly 200 properties throughout the country, including Valley Crest. Valley Crest was purchased by Valley Crest 3MC, LLC ("VC3MC") in June 21, 2021. Immediately following that purchase, VC3MC instructed Defendant that, unlike the property's previous owners, it no longer wished to accept Section 8 vouchers or other rental subsidies. Thus, on July 29, 2021, Defendant notified Plaintiff and other residents that it would no longer accept rental subsidies and provided residents utilizing them with 90 days to find new places to live.

Around November 22, 2021,[3] Plaintiff asked Defendant to make an exception to its no-subsidy policy as an accommodation for his disabilities, and Defendant refused. Since then, Plaintiff has remained in his apartment, and Defendant has continued to accept his housing vouchers. Plaintiff is the only rental subsidy-

---

(11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record . . .").

[3]   The fact that Plaintiff remained in the unit multiple weeks after the 90-day relocation window does not appear to be a factor in this case.

receiving resident remaining at Valley Crest. At the time of filing this suit and to this day, Plaintiff's rent is $655, of which he pays $119 and the Jefferson County Housing Authority (JCHA) pays the rest. Because Plaintiff's monthly income is $814—which comes from benefits he receives from the Social Security Administration and the Department of Veteran's Affairs—he cannot afford to live in his apartment unless Defendant changes its policy and accepts his Section 8 vouchers.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence, but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213-14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (*per curiam*) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

### III. Discussion

The Fair Housing Act Amendments ("FHAA") require landlords to "make reasonable accommodations in rules, policies, practices, or services, when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To state a claim for disability discrimination under the FHA, a Plaintiff must show (1) he is disabled; (2) he requested a reasonable accommodation; (3) the requested accommodation was necessary to afford him an equal opportunity to use and enjoy the dwelling; and (4) the landlord refused to make such an accommodation. *Schaw v. Habitat for Humanity of Citrus Cnty., Inc.*, 938 F.3d 1259, 1265 (11th Cir. 2019).

It is undisputed that Plaintiff is disabled, that his landlord refused to make his requested accommodation by declining to accept his Section 8 vouchers, and that the accommodation he requested is necessary to afford him an equal opportunity to use and enjoy his dwelling.[4] The only issue at this stage, then, is whether Plaintiff requested a "reasonable accommodation."

---

[4]  (Doc. 32, p. 4) (stating that the "Defendant does not presently contest" the "necessary for equal use and enjoyment" prong.); (Doc. 26 ¶ 19)(admitting that "Defendant declined to grant Plaintiff's request."). The Court notes that, even if Defendant had not conceded that the accommodation Plaintiff requested was "necessary for equal use and enjoyment" of his apartment, that conclusion would have been warranted by the Eleventh Circuit's decision in *Schaw*, at 1272. ("Under our precedent, however, it's clear that an accommodation addressing an inability to demonstrate wages earned could in some cases be 'necessary'—that is, could 'alleviate the effects of a disability.'")(quoting *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1288 (11th Cir. 2014)).

The "reasonable accommodation" inquiry is conducted under a burden shifting framework. *Schaw*, at 1265. "A plaintiff carries the initial burden of showing that his proposed accommodation is reasonable." *Id*. If a plaintiff meets that burden, the landlord "must then show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." *Barnett*, 535 U.S. at 402 (emphasis added).[5] If a plaintiff fails to meet their initial burden, he "nonetheless remains free to show that special circumstances warrant a finding that . . . the requested 'accommodation' is 'reasonable' on the particular facts." *Id.* at 405.

### A.     The Accommodation Plaintiff Requested is Facially Reasonable.

There is a "low bar" for establishing that a requested accommodation is facially reasonable. *See Schaw*, at 1267-68. It requires showing only that the accommodation would be "reasonable in the run of cases." *Willis v. Conopco, Inc.,*

---

[5]     Although *Barnett* involved claims under the Americans with Disabilities Act ("ADA"), the Eleventh Circuit utilizes the same framework to analyze claims under both the ADA and FHA. *See Schaw* at 1265.

108 F.3d 282, 286 & n.2 (11th Cir. 1997) (quoting *Barth v. Gelb*, 2 F.3d 1180, 1187 (D.C. Cir. 1993)).

Plaintiff has met that bar. To be clear, Plaintiff is not asking Defendant to lower his monthly rent. Instead, he has merely asked for Defendant to allow a portion of his rent to be paid by the Jefferson County Housing Authority through Section 8 vouchers. The facial reasonableness of this request is demonstrated by the Eleventh Circuit's decision in *Schaw*, 938 F.3d 1259, 1265 (11th Cir. 2019). There, Schaw, whose income primarily came from social-security disability benefits, applied for a home with Habitat for Humanity. Because those benefits did not meet Habitat's minimum income threshold, Schaw requested for Habitat to accommodate his disability by factoring-in his food stamps or monthly financial support he received from his family. Habitat refused, so Schaw sued under the FHAA's disability accommodation provisions.

The Eleventh Circuit held that Schaw's requested accommodation was facially reasonable. *Id.* at 1268. The Court reasoned, in full:

> "Schaw didn't ask Habitat to lower its minimum-income requirement or to accept any less than usual in terms of payment or interest. Instead, Schaw—who is unable to work—asked Habitat to accept proof that he brings in the same amount of money as any other Habitat homeowner, but in a different form. This request strikes us as the type of accommodation that the Supreme Court has deemed at least facially reasonable. It is more akin, we think, to allowing a golfer to use a cart—completing the essential aspects of the game

in a different way—than requiring a nursing program to waive all clinical requirements—removing the essential aspects of a program. Compare *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 689 (2001), with *Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 410, (1979). Rather than seeking a waiver of a basic requirement of Habitat's housing program, Schaw asks to meet those basic requirements in his own way. That seems to us sufficient to meet the relatively low facial-reasonableness bar adopted in *Barnett*. See 535 U.S. at 401–02."

The same reasoning applies here. On its face, Plaintiff, "who is unable to work" due to his disabilities, has not asked Defendant to "accept any less than usual in terms of payment." *Schaw*, at 1268. Instead, Plaintiff is merely asked Defendant to accept "the same amount of money as any other" resident at Valley Crest would pay, just from two different payment sources—himself and the Jefferson County Housing Authority. In this way, rather than "seeking a waiver of a basic requirement" of Defendant's policies, Plaintiff "asks to meet those basic requirements in his own way." *Id.* On its face, this request is reasonable.

**B.     The Record Fails to Demonstrate that Granting Plaintiff's Requested Accommodation Would Impose an Undue Burden on Defendant.**

Because Plaintiff's requested accommodation is facially reasonable, the burden shifts to the Defendant to demonstrate that "the accommodation would nonetheless impose an undue burden or result in a fundamental alteration of its program." *Schaw*, at 1266 (quotations omitted). Although Defendant twice submitted that "Plaintiff's Requested Accommodation Would Impose an Undue

Burden and a Fundamental Alteration," (Docs. 26 p. 13; 30 p. 7), none of Defendants' submissions mention anything about a "fundamental alteration." Instead, the only argument Defendant actually raises, and the only one the Court will therefore address, is their claim that Plaintiff's requested accommodation would impose an undue burden.

Defendant argued that Plaintiff's requested accommodation burdened it in three ways. First, Defendant argues that granting Plaintiff's accommodation "would expose Defendant to risk of discrimination claims by other tenants." (Doc. 26, p. 16). However, Defendant cited no evidence indicating that this risk is anything more than conjecture. Moreover, the single case Defendant relied upon for supporting this argument does not help them at all.[6] Because Defendant's hypothetical litigious tenants are unproven, the risk of discrimination claims does not factor into the Court's burden analysis at this stage.

Second, Defendant argues that "Plaintiff's request would impose a tangible and significant financial cost." (Doc. 26, p. 14). These direct financial costs,

---

[6] The district court case Defendant cited in support of this argument involved a schoolteacher who requested the right to refuse to call transgender students by their preferred names as an accommodation for his religious views. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 548 F.Supp.3d 814 (S.D. Ind. 2021). The court found that the accommodation would open the school up to lawsuits from transgender students who felt "targeted and dehumanized" as, indeed, declarations from students indicated it did. *Id.* at 844.

Defendant explains, come from the fact that Plaintiff's current monthly rent is $645, which according to Defendant is approximately $55 lower than the market rate for the unit in its current state and approximately $200 lower than the market rate for the unit if it were renovated. If accepting Plaintiff's Section 8 vouchers somehow meant that Defendant could not raise Plaintiff's rent to the market rate, that would certainly be evidence of a significant burden. However, Defendant has failed to provide any evidence supporting that theory. The mere fact that Plaintiff's current monthly rent is below the market rate therefore does not indicate that granting Plaintiff's requested accommodation would burden Defendant financially.

Finally, Defendant argues that "Plaintiff's request would force Defendant to comply with the administrative requirements of the HCV Program solely for Plaintiff's benefit." (Doc. 26, p. 17). However, Defendant did not cite *any* evidence of what these administrative requirements are or what satisfying those requirements would cost. Although the Court can certainly imagine administrative costs for landlords to participate in Section 8, the Court cannot say that those costs would impose an undue burden without any evidence.

In summary, Defendant claims that granting Plaintiff's accommodation would impose an undue burden but has *no evidence* that granting Plaintiff's accommodation would burden it *at all*. The Court cannot find an undue burden based on this record.

*See Willis,* 108 F.3d at 286 (11th Cir. 1997)("[U]ndue hardship is an affirmative defense to be pled *and proven* by an [FHAA] defendant.")(emphasis added).

Because Plaintiff has demonstrated that the accommodation he requested is facially reasonable and there is *no evidence* that accepting the accommodation would "impose an undue burden or result in a fundamental alteration of its program," *Schaw*, at 1266, Defendant has failed to show that it is entitled to judgement as a matter of law.

## IV. CONCLUSION

For the above stated reasons, Defendants' Motion for Summary Judgment (Doc. 24) is due to be **DENIED**. The Court will enter an Order consistent with this Opinion.

**DONE** and **ORDERED** on June 28, 2023.

                                         L. Scott Coogler
                                   United States District Judge

211854